UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LORI A. BARNES,  CIVIL NO. 10-2145 (MJD/JSM)

    Petitioner,

v.  **REPORT AND RECOMMENDATION**

BUREAU OF PRISONS, and
RICARDO RIOS, Warden, FCI-Waseca,

    Respondents.

    Lori A. Barnes, Federal Correctional Institution – Waseca, P.O. Box 1731, Waseca, Minnesota, 56093, Petitioner, pro se.

    Attorney D. Gerald Wilhelm, Assistant United States Attorney, and Attorney Gregory G. Brooker, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, for Respondents.

JANIE S. MAYERON, United States Magistrate Judge

    This matter is before the undersigned Magistrate Judge of the District Court on the petition of Lori A. Barnes for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) Respondents have filed a response to the petition, (Docket Nos. 6 and 7), contending that the petition should be dismissed, and Petitioner has filed a reply to that response, (Docket No. 11). The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition should be DENIED, and this action should be DISMISSED WITH PREJUDICE.

**I.  BACKGROUND**

    In 2001, Petitioner pled guilty to a federal drug law offense in a criminal action brought against her in the United States District Court for the Northern District of Illinois.

At sentencing, Petitioner "received a sentence enhancement because a firearm was found at the location where she was arrested for the illegal narcotics." (Petition, [Docket No. 1], Attachment, p. 1.) The sentencing judge "applied a two-level sentence enhancement authorized under the United States Sentencing Guidelines for offenses involving drugs if a dangerous weapon was possessed." (<u>Id</u>.) Based on that enhancement, Petitioner received a 168-month sentence, to be followed by four years of supervised release.[1] Petitioner is presently serving her sentence at the Federal Correctional Facility in Waseca, Minnesota.

Petitioner alleges that while she has been in prison she has successfully completed a drug rehabilitation program provided by the federal Bureau of Prisons, ("BOP"). Respondents do not dispute that assertion. After completing the BOP drug rehabilitation program, Petitioner asked the BOP to reduce her sentence pursuant to 18 U.S.C. § 3621(e)(2)(B), which authorizes the BOP to grant sentence reductions to certain prisoners who successfully complete a drug rehabilitation program. However, the BOP denied Petitioner's request for a reduced sentence pursuant to § 3621(e)(2)(B).

Petitioner now claims that the BOP wrongly declared her to be ineligible for a reduced sentence under § 3621(e)(2)(B). According to Petitioner, her request for a sentence reduction was denied "based on the [BOP's] categorical exclusion from

---

[1] Respondents have filed a declaration by Angela Buege, which shows that Petitioner received a 168-month sentence with four years of supervised release. (Declaration of Angela Buege, [Docket No. 7], p. 1, ¶ 3.) Petitioner, however, represents that she is serving a 171-month sentence, to be followed by five years of supervised release. (Petition, Attachment, p. 1.) It appears that Petitioner's description of her sentence includes an additional (consecutive) three-month prison term, and apparently an additional year of supervised release, for a related mail fraud conviction. In any event, the actual length of the sentence imposed by the trial court is not at issue here, and it has no bearing on the claims raised in the current habeas corpus petition.

consideration for sentence reduction of inmates who, when sentenced, received a base offense-level enhancement under the Sentencing Guidelines for possession of a dangerous weapon." (Petition, Attachment, p. 2.) In other words, Petitioner claims that the BOP wrongly denied her request for a reduced sentence merely because she received an enhanced sentence for possessing a dangerous weapon.

Petitioner is seeking a writ of habeas corpus that would compel the BOP to reduce her sentence, (or at least consider reducing her sentence), pursuant to § 3621(e)(2)(B). Petitioner contends that she has exhausted her available administrative remedies for the claims presented in her habeas corpus petition, and Respondents agree.

## II.     DISCUSSION

As mentioned above, 18 U.S.C. § 3621(e)(2)(B) authorizes the BOP to reduce a federal prisoner's sentence if he or she successfully completes a BOP sponsored drug rehabilitation program. The statute states –

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Three important elements of § 3621(e)(2)(B) are readily apparent. First, only inmates who have been "convicted of a nonviolent offense" are potentially eligible for a reduced sentence upon successful completion of an approved drug treatment program. Second, a prisoner's sentence can never be reduced by more than one year. And third, prisoners are not automatically entitled to a sentence reduction upon completing a drug rehabilitation program, but rather, the BOP is given broad discretion to decide which statutorily eligible prisoners should actually be granted a reduced sentence. The statute's "may be reduced" language means that even if a prisoner has been convicted of a

3

nonviolent offense, and he or she has successfully completed a drug treatment program, the BOP still does not necessarily have to reduce the prisoner's sentence. As explained by the Supreme Court, "[w]hen an eligible prisoner successfully completes drug treatment, the [BOP]... has the authority, but not the duty,... to reduce his term of imprisonment." Lopez v. Davis, 531 U.S. 230, 241 (2001).

The BOP has used its discretionary authority under § 3621(e)(2)(B) to designate certain <u>categories</u> of inmates who will never be granted sentence reductions, even if they have been convicted of a nonviolent offense, and even if they successfully complete a drug treatment program. When Petitioner sought a sentence reduction under § 3621(e)(2)(B), the categories of prisoners who were "discretionarily excluded" from receiving a one-year sentence reduction, despite meeting the statutory requirements, were identified in BOP Program Statement ("PS") 5162.04. (Declaration of Angela Buege, [Docket No. 7], p. 2, ¶ 5.[2]) Applying Section 7 of PS 5162.04, the BOP determined that Petitioner's two-point enhancement to her sentence due to the presence of a firearm made her ineligible for a sentence reduction under § 3621(e)(2)(B). (Id.) In other words, even though Petitioner apparently is eligible for a reduced sentence under the terms of the statute, the BOP, using its discretionary authority, has declared her ineligible for a reduced sentence pursuant to Section 7 of PS 5162.04.[3]

---

[2] When the BOP considered Petitioner's eligibility for a reduced sentence, the categories of ineligible prisoners also were described at 28 C.F.R. § 550.58(a)(1). The applicable regulations were subsequently amended and renumbered, and they are now found at 28 C.F.R. § 550.55. Petitioner's eligibility for a sentence reduction apparently was determined under the older version of the regulations referred to in the text. However, the issues presented in this case do not appear to be affected in any way by the recent amendment and renumbering of the regulations.

[3] Petitioner has erroneously indicated that she has been barred from receiving a one-year sentence reduction pursuant to PS 5162.<u>02</u>, rather than PS 5162.<u>04</u>. However,

Petitioner claims that the BOP cannot declare her ineligible for a § 3621(e)(2)(B) sentence reduction, based solely on her two-point presence-of-a-weapon sentence enhancement. She contends that the BOP has wrongly treated her as a prisoner who has been convicted of a "crime of violence" for purposes of § 3621(e)(2)(B). She further contends that because she was convicted of only a nonviolent offense, she must be eligible for a sentence reduction under § 3621(e)(2)(B), regardless of her sentence enhancement. (See Petition, Attachment, p. 8.)

Petitioner has correctly asserted that a sentence enhancement for possession of a dangerous weapon does not, by itself, constitute a violent offense that makes a prisoner statutorily ineligible to receive a reduced sentence under § 3621(e)(2)(B). During the 1990s, a number of federal courts held that federal prisoners are not statutorily ineligible for a § 3621(e)(2)(B) sentence reduction simply because they received a firearm enhancement at sentencing. See e.g., Martin v. Gerlinski, 133 F.3d 1076 (8th Cir. 1998) (BOP erroneously concluded that all prisoners who have sustained a firearms enhancement have been convicted of a "crime of violence" that makes them statutorily ineligible for a reduced sentence under § 3621(e)(2)(B)).

However, the courts have consistently confirmed that § 3621(e)(2)(B) gives the BOP the discretionary authority to bar any prisoner from getting a sentence reduction under § 3621(e)(2)(B), even if a sentence reduction would be permissible under the statute. See Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999) (§ 3621(e)(2)(B) "vests broad discretion

---

the record, including Petitioner's own submissions, (see Petition, [Docket No. 1], Exhibits B and D), clearly indicates that Petitioner was declared ineligible for a sentence reduction pursuant to PS 5162.04 and not PS 5162.02. (See Declaration of Angela Buege, p. 2, ¶ 5.) Petitioner's erroneous citation to PS 5162.02 may help to explain her confusion about why she is ineligible for a reduced sentence.

5

in the BOP to determine which individuals, among the group of statutorily eligible inmates convicted of nonviolent offenses, are appropriate candidates for early release;" the language of the statute "is discretionary and does not mandate that the BOP grant a sentence reduction to any particular inmate or class of inmates"), aff'd sub nom, Lopez, supra; see also Grove v. Federal Bureau of Prisons, 245 F.3d 743, 747 (8th Cir. 2001) ("under the plain language of § 3621(e)(2)(B), statutory eligibility by reason of the commission of a nonviolent offense... is not an entitlement to any early release").

As mentioned above, the BOP has used its discretionary authority under § 3621(e)(2)(B) to identify several categories of inmates who are deemed ineligible for a sentence reduction, even though they meet the statutory requirements. In October 1997, the BOP issued a regulation which stated, in effect, that even prisoners who were convicted of nonviolent offenses will be automatically ineligible for a reduced sentence under § 3621(e)(2)(B), if they are serving a sentence that was enhanced based on the presence of a dangerous weapon. This regulation, set forth at Section 7 of PS 5162.04, makes the present Petitioner ineligible for a reduced sentence under § 3621(e)(2)(B) – not because she has been convicted of a violent offense, but because the BOP, exercising its discretionary authority, has determined that all prisoners who have received sentence enhancements for possession of a dangerous weapon should be categorically excluded from receiving a reduced sentence. Thus, even though Petitioner might meet the minimum statutory eligibility requirement for a reduced sentence, (because she was convicted of a "nonviolent offense"), she is nevertheless ineligible for a reduced sentence. Again, the BOP has determined, as an exercise of the BOP's discretionary authority, that prisoners whose crimes involved weapons will be categorically excluded from receiving a reduced sentence under § 3621(e)(2)(B).

The BOP's categorical use of its discretion under § 3621(e)(2)(B) was expressly approved by the United States Supreme Court in Lopez, supra. There, the Court held that prisoners can be categorically excluded from a § 3621(e)(2)(B) sentence reduction, even if they were convicted only for a nonviolent offense. While recognizing that the statute itself excludes only prisoners who have been convicted of violent offenses, the Court held that the discretionary authority provided by § 3621(e)(2)(B) permits the BOP to exclude other categories of prisoners from receiving a reduced sentence, even if they were convicted of only nonviolent offenses. Lopez, 531 U.S. at 240-44.

The Eighth Circuit followed and applied Lopez in a case that is indistinguishable from the present case. In Grove, supra, a federal prisoner convicted of a nonviolent offense was declared categorically ineligible for a sentence reduction under § 3621(e)(2)(B) because he had received a gun-enhanced sentence. Citing Lopez, the Eighth Circuit found that although the petitioner "was convicted of a nonviolent felony, which would make him statutorily eligible for a potential early release, [he] was ultimately disqualified by the director's broad discretion to consider his sentencing enhancement for possessing a firearm in relation to his drug offense." 245 F.3d at 746.[4]

Based on Lopez and Grove, this Court finds that it was lawful and appropriate for the BOP to bar Petitioner from receiving a § 3621(e)(2)(B) sentence reduction, based on her two-point firearm enhancement, even though Petitioner apparently meets the minimum statutory eligibility requirement for a reduced sentence in that she was convicted of only a nonviolent offense.

---

[4] See also Gibson v. Walton, Civil No. 05-2600 (JNE/JSM) (D.Minn. 2006), 2006 WL 1428274.

7

To summarize: the BOP has not misconstrued, misinterpreted or misapplied the statute, nor has the BOP erroneously treated Petitioner's offense as a "crime of violence." Instead, the BOP has determined that even though Petitioner is "a prisoner convicted of a nonviolent offense" who is eligible for a reduced sentence under the terms of the statute, she will not be granted a reduced sentence because of her dangerous weapon enhancement. The BOP has not used its discretionary authority to expand the definition of a crime of violence; the BOP has used its discretionary authority to automatically bar certain inmates, including Petitioner, from receiving a reduced sentence even though they were not convicted of a crime of violence. The Supreme Court has expressly held that the BOP can properly exercise its discretionary authority in this manner. Lopez, 531 U.S. at 240-44.

### III. CONCLUSION

Section 3621(e)(2)(B) does not guarantee any sentence reduction to any prisoner. The statute gives the BOP broad discretion to decide which statutorily eligible prisoners should actually receive a reduced sentence. In Lopez, the Supreme Court expressly held that the BOP can use its discretionary authority under § 3621(e)(2)(B) to categorically exclude certain inmates from receiving sentence reductions, even though they are statutorily eligible for a sentence reduction. In Grove, the Eighth Circuit expressly upheld the BOP's authority to categorically exclude inmates from receiving a reduced sentence if the inmate's sentence was enhanced based on the presence of a weapon. Therefore, it was entirely appropriate for the BOP to deny Petitioner's request for a reduced sentence under § 3621(e)(2)(B), and was a proper exercise of the BOP's broad discretion under the statute.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Dated: August 29, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 13, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.